DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Milton Bradley, appeals the judgment of the City of Cuyahoga Falls Municipal Court sentencing him to 3 days in jail, fining him $250, and requiring him to perform forty hours of community service as a result of his guilty plea to the charge of obstructing official business. We affirm.
 I. {¶ 2} Charges were filed against the Appellant as a result of a traffic stop by Cuyahoga Falls police officers on August 30, 2003. Appellant was stopped for traveling at a rate of 52 miles per hour in a 25 mile per hour zone. Upon providing a valid California driver's license, Appellant was asked for his social security number in order to complete the ticket. Appellant provided a prior ticket issued by Westlake police which contained his social security number. The officer returned the Westlake ticket and then proceeded to finish writing Appellant's ticket. After the officer completed the speeding ticket, he requested that Appellant sign the ticket. Appellant refused, rolled up his automobile's window, and drove away. The officer and a second officer in an additional cruiser followed Appellant with lights and sirens on to the city limits. Appellant refused to stop, and the officers terminated their pursuit.
 {¶ 3} In addition to the speeding violation, Appellant was charged with failure to comply with the lawful order of a police officer. As a result of a plea agreement, Appellant pled guilty to obstructing official business in violation of R.C. 2921.31, and the prosecution agreed to dismiss the speeding charge. The trial court then imposed sentence as follows: 90 days in jail with 87 days suspended, a $750 fine with $500 suspended, and 40 hours of community service. Appellant timely appealed his sentence and raised one assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court abused its discretion in imposing the maximum sentence on appellant Milton O. Bradley, Jr. without considering the statutory factors enumerated at Ohio Revised Code § 2929.22."
 {¶ 4} In his sole assignment of error, Appellant has argued that the trial court abused its discretion in sentencing him without considering the factors required by R.C. 2929.22. We disagree.
 {¶ 5} Generally, sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. Statev. Pass (Dec. 30, 1992), 6th Dist. No. L-92-017. However, it is well recognized that a trial court abuses its discretion when, in imposing sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22. Cincinnati v. Clardy (1978),57 Ohio App.2d 153, 156. Nevertheless, a judge is presumed to have considered the enumerated factors absent an affirmative showing to the contrary. State v. Overholt, (Aug. 18, 1999), 9th Dist. No. 2905-M.
 {¶ 6} R.C. 2929.22 regulates misdemeanor sentencing and, although none of the criteria mandate a particular result, the trial court must consider the factors set forth. State v.Jones, 9th Dist. No. 02CA0018, 2003-Ohio-20 at ¶ 6. R.C. 2929.22
(B)(1) requires that the following factors be considered in imposing sentence for a misdemeanor:
"(a) The nature and circumstances of the offense or offenses;
"(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
"(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
"(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
"(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.
"(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code."
 {¶ 7} While it is preferable that the trial court state on the record that it has considered the statutory criteria, the statute imposes no requirement that it do so. State v. Polick
(1995), 101 Ohio App.3d 428, 431. Instead, in the case of a silent record, the presumption exists that the trial court has considered the statutory criteria absent an affirmative showing by the Appellant that it did not. State v. Overholt, (Aug. 18, 1999), 9th Dist. No. 2905-M.
 {¶ 8} Appellant argues that two instances in the record affirmatively show that the trial court did not consider the enumerated factors. Appellant asserts that the trial court's reference to Appellant's previous speeding citation indicates that the trial court failed to consider R.C. 2929.22 (B)(1)(b). Contrary to Appellant's position, the record reflects that the trial court took into consideration Appellant's previous speeding citation to determine whether Appellant's character revealed a substantial risk that Appellant would commit another offense. Additionally, Appellant argues that the trial court's statement, "you seem like a bright gentleman. You seem like you have a good future going, but I'm telling you what, sir, you made a poor, poor decision that evening," negates the ability of the court to have properly considered R.C. 2929.22 (B)(1)(c). We disagree. The record reflects that the trial court took into consideration the risks and dangers associated with Appellant's conduct, noting that he more than doubled the speed limit, before handing down sentence. As such, Appellant has not revealed any portion of the record that rebuts the presumption that the trial court properly considered the enumerated factors in R.C. 2929.22. Therefore, we find no error was committed by the trial court in sentencing Appellant. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 9} Appellant's sole assignment of error is overruled and the judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., Concur.