DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Jason Shadd, has appealed from the judgment of the Medina Municipal Court sentencing him to ten days in jail following his no contest plea to falsification. This Court affirms.
 I {¶ 2} Appellant summoned Medina City Police to his property on July 31, 2004, on a complaint of domestic violence. As a result of Appellant's statements, his wife was arrested and a prosecution was initiated against her. During the proceedings against his wife, Appellant informed the police that he had not been truthful when they came to his residence. At his wife's trial, Appellant admitted under oath that he had not been truthful to the officers who responded to his domestic violence complaint. As a result, Appellant's wife was found not guilty at trial and Appellant was charged with falsification, in violation of R.C.2921.13(A)(3).
 {¶ 3} On September 17, 2004, Appellant pled no contest to the charge of falsification. On December 3, 2004, Appellant was sentenced to ten days in jail and ordered to pay a fine of $200. Appellant has timely appealed his sentence, raising one assignment of error.
 II Assignment of Error
"The trial court erred as a matter of law in failing to consider the statutory sentencing guidelines in giving [appellant] a period of incarceration."
 {¶ 4} In his sole assignment of error, Appellant has argued that the trial court failed to consider the factors found in R.C. 2929.22 before sentencing him to ten days in jail. Specifically, Appellant has asserted that the trial court failed to consider community control sanctions before imposing a jail term. We disagree.
 {¶ 5} "Generally, sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute." Cuyahoga Falls v. Bradley,
9th Dist. No. 21979, 2004-Ohio-4583, at ¶ 5, citing State v. Pass (Dec. 30, 1992), 6th Dist. No. L-92-017. However, it is well recognized that a trial court abuses its discretion when, in imposing sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22.Cincinnati v. Clardy (1978), 57 Ohio App.2d 153, 156. Nevertheless, a judge is presumed to have considered the enumerated factors absent an affirmative showing to the contrary. State v. Overholt (Aug. 18, 1999), 9th Dist. No. 2905-M, at 16.
 {¶ 6} R.C. 2929.22 regulates misdemeanor sentencing and, although none of the criteria mandate a particular result, the trial court must consider the factors it sets forth. State v. Jones, 9th Dist. No. 02CA0018, 2003-Ohio-20 at ¶ 7. R.C. 2929.22 (B)(1) requires that the following factors be considered in imposing sentence for a misdemeanor:
"(a) The nature and circumstances of the offense or offenses;
"(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
"(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
"(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
"(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.
"(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in [R.C. 2929.21]."
 {¶ 7} While it is preferable that the trial court state on the record that it has considered the statutory criteria, the statute imposes no requirement that it do so. State v. Polick (1995), 101 Ohio App.3d 428,431. Instead, in the case of a silent record, the presumption exists that the trial court has considered the statutory criteria absent an affirmative showing by the Appellant that it did not. Overholt, supra, at 16.
 {¶ 8} Appellant has made no affirmative showing that the trial court failed to consider the statutory criteria. In sentencing Appellant, the trial court noted as follows:
"Because of the severity of the problem and the imposition on the Court and the City, the Court is going to sentence you to ten days in jail beginning today."
 {¶ 9} The trial court noted that Appellant's false statements to the police violated the judicial process. As such, the record reflects that the trial court considered the nature and circumstances of the offense, including the fact that Appellant's false statements led to the unnecessary initiation of court proceedings against his wife. See R.C.2929.22(B)(1)(a). Therefore, Appellant has made no affirmative showing that the trial court failed to consider the factors set forth in R.C.2929.22, and the record reflects that the trial court did properly consider the nature of Appellant's offense. Accordingly, the trial court did not abuse its discretion in sentencing Appellant to ten days in jail. Appellant's sole assignment of error lacks merit.
 III {¶ 10} Appellant's sole assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Batchelder, J., concur.