[Cite as *State v. Pippert*, 2016-Ohio-1352.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No.     14CA010698 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DORIS J. PIPPERT | | OBERLIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.     14CRB00156 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2016

WHITMORE, Presiding Judge.

{¶1}   This appeal arises from Appellant Doris J. Pippert's challenge to (1) her sentence for vehicular manslaughter and failure to maintain reasonable control of a vehicle, and (2) the trial court's denial of her motion to withdraw a no contest plea.  We affirm.

I

{¶2}   Ms. Pippert (age 77) killed John McBride (age 80) when she backed her car into him in a grocery store parking lot a few days before Christmas in 2013.  Ms. Pippert was illegally parked in a handicap space near the store entrance.  When Ms. Pippert finished her shopping, Mr. McBride apparently had just finished his own holiday shopping and was returning his shopping cart to the store when he offered to help Ms. Pippert by also returning her shopping cart.  After Mr. McBride returned the carts, he was walking several feet behind the row of cars where Ms. Pippert was parked when Ms. Pippert backed out of her parking space and hit him with her passenger rear side bumper and trunk.  The force of the contact threw Mr. McBride to

the ground several feet away.  Mr. McBride was transported by paramedics and then heliported to a trauma center, but later died of "blunt impacts to [the] head" sustained in the collision.

{¶3}    Ms. Pippert told a police officer who responded to the scene of the collision that wet shoes caused her foot to slip off the brake and onto the gas pedal as she was leaving her parking space.  Video surveillance footage of the parking lot shows Ms. Pippert backing smoothly out of the parking space until she hit Mr. McBride.

{¶4}    Ms. Pippert told the police officer that she did not see Mr. McBride.  She did not know that she struck anyone until she pulled forward to return to the parking space and exited her vehicle.  The video surveillance footage appears to show that Mr. McBride observed Ms. Pippert's vehicle backing out, realized that he was in danger of being hit, and tried to move out of the vehicle's path.

{¶5}    As a result of the collision, Ms. Pippert was charged in the Oberlin Municipal Court with (1) failure to maintain reasonable control of a motor vehicle in violation of R.C. 4511.202, a minor misdemeanor, and (2) vehicular manslaughter in violation of R.C. 2903.06(A)(4), a misdemeanor of the second degree.  Ms. Pippert entered a no contest plea to both charges.  She had no previous convictions for moving traffic violations and no criminal record.

{¶6}    Following Ms. Pippert's no contest plea, the court sentenced her on the vehicular manslaughter charge to a suspended jail sentence of thirty days, the maximum fine of $750, and an operator's license suspension with no driving privileges for the maximum period of two years. The entry required Ms. Pippert to "re-test" at the end of the license suspension "in order to reinstate her right to drive."  The trial court also fined Ms. Pippert $150 on the charge of failure to maintain reasonable control.

**{¶7}** Subsequent to sentencing, Ms. Pippert filed a motion to (1) vacate the sentence and (2) withdraw her plea of no contest. Following a hearing on July 25, 2014, the trial court granted the motion to vacate the sentence in part and to the extent that the court lacked statutory authority to require Ms. Pippert to re-test to have her operator's license reinstated following her license suspension. The court then re-imposed the original sentence in its entirety, excepting only the re-test requirement. The court denied Ms. Pippert's motion to withdraw her no contest plea. The court further denied Ms. Pippert's motion to stay her sentence pending an appeal.

**{¶8}** Ms. Pippert now appeals from her sentence and the trial court's denial of her motion to withdraw her no contest plea. She raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT DENIED WITHOUT A HEARING APPELLANT'S MOTION TO WITHDRAW HER NO CONTEST PLEA PRIOR TO RESENTENCING HER.

**{¶9}** In her first assignment of error, Ms. Pippert argues that the trial court abused its discretion when it did not hold a hearing before denying her motion to withdraw her no contest plea. We disagree.

**{¶10}** A trial court must hold a hearing on a "presentence" motion to withdraw a plea. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992); *State v. Wilborn*, 9th Dist. Summit No. 25352, 2011-Ohio-1038, ¶ 8. Ms. Pippert argues that her motion to withdraw her no contest plea should be considered a presentence motion under Crim.R. 32.1. Crim.R. 32.1 states:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Under the rule, a presentence motion to withdraw a plea is entitled to special consideration and "should be freely and liberally granted." *Xie* at 527.

{¶11}   Ms. Pippert contends that her motion to withdraw was a presentence motion under Rule 32.1 because the original sentence contained a re-testing requirement not permitted by statute, and thus was void in its entirety under *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-157, syllabus.  In *Boswell*, the defendant moved to vacate his plea based on a sentence that failed to include mandatory post-release control.  The Supreme Court of Ohio concluded that "[b]ecause a sentence that does not conform to statutory mandates * * * is a nullity and void, it must be vacated * * * plac[ing] the parties in the same position they would have been in had there been no sentence." *Boswell* at ¶ 8, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio 1197, ¶ 22.   The court based its holding on the principle expressed in *State v. Bezak* that the effect of vacating a void sentence is to place the parties in the same position "*as if there had been no sentence*." (Emphasis sic.)  *State v. Bezak*, 114 Ohio St.3d 94, 2007–Ohio–3250, ¶ 13, citing *Romito v. Maxwell*¸ 10 Ohio St.2d 266, 267 (1967).  On this basis, the Supreme Court found in *Boswell* that "[a] motion to withdraw a plea of guilty or no contest made by a defendant who has been given a void sentence must be considered as a presentence motion under Crim.R. 32.1." *Boswell* at syllabus.

{¶12} The State agrees with Ms. Pippert that *Boswell* compels a conclusion that Ms. Pippert's motion to withdraw occurred presentence.  The State argues that (1) it was nonetheless within the court's discretion to deny the presentence motion, and (2) the trial court did in fact hold the required hearing on the motion to withdraw on July 25, 2014, during the same proceeding in which the court granted the motion to vacate the sentence in part.

{¶13} We find that the parties' reliance on *Boswell* is misplaced. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the Supreme Court qualified the principle underlying *Bezak* (and *Boswell*) that the effect of vacating a void sentence is to place the parties in the same position as if there had been no sentence. In *Fischer*, the Court considered a sentence that improperly imposed post-release control and found that, when a defendant receives a sentence that does not properly include a statutory penalty, only "that *part* of the sentence is void and must be set aside. Neither the Constitution nor common sense commands anything more." (Emphasis sic.) *Fischer* at ¶ 26. Thus, contrary to the principle expressed in *Boswell*, "only the offending portion of the sentence is subject to review and correction." *Id.* at ¶ 27. The lawful aspects of a sentence are not void insofar as they are not dependent upon a portion of the sentence that fails to conform to a statutory mandate. *See id.* In light of this clarification in *Fischer*, we believe that, with the issue properly before it, the Supreme Court would overrule its holding in *Boswell* and determine that a Crim.R. 32.1 motion is reviewable as a postsentence motion when a sentence has been improperly imposed in part and, therefore, is void only in part. *See State v. Hubbard*, 9th Dist. Summit No. 25141, 2011-Ohio-2770, ¶ 4 (noting that *Fischer* calls the holding in *Boswell* into question).

{¶14} Our conclusion that a motion to withdraw a plea is reviewable as a postsentence motion when the original sentence was void only in part is consistent with decisions of other appellate courts in this state. *See State v. Thomas,* 1st Dist. Hamilton Nos. C-100411, C-100412, 2011-Ohio-1331, ¶ 16 (expressing the belief that the *Fischer* court would have overruled the holding in *Boswell* with regard to Rule 32.1 if the issue had been before it); *State v. Hazel*, 10th Dist. Franklin Nos. 10AP-1013, 10AP-1014, 2011-Ohio-4427, ¶ 17 (rejecting defendant's invitation to characterize his motion to withdraw as a presentence motion on the premise that the

entire sentence was void); *State v. Christie*, 3d Dist. Defiance No. 4-10-04, 2011-Ohio-520, ¶ 25 (finding that review of a motion to withdraw a plea as a postsentence motion is consistent with *Fischer*, which holds that a sentence improperly imposed in part is only void in part).

{¶15} Under *Fischer*, we find that Ms. Pippert's original sentence was void only to the extent that the trial court did not have statutory authority to impose a re-test requirement before Ms. Pippert could reinstate her operator's license. The remainder of Ms. Pippert's sentence was unaffected and remained valid. Accordingly, Ms. Pippert's motion to withdraw her no contest plea, which was made after the original sentence was imposed, was a postsentence motion for purposes of Crim.R. 32.1.

{¶16} A trial court is not required to hold a hearing on a postsentence motion to withdraw a plea if the facts alleged by the defendant would not require the plea to be withdrawn even when those facts are accepted by the court as true. *State v. Owens,* 8th Dist. Cuyahoga No. 94152, 2010-Ohio-3881, ¶ 22; *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995). A postsentence motion to withdraw a plea may only be granted in "extraordinary cases" and in the presence of "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 264 (1977); *see* Crim.R. 32.1. The burden of demonstrating a manifest injustice belongs to the defendant. *Smith* at 264. Moreover, the decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court. *Id.* Thus, an appellate court will not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion. *Nathan* at 725. Under this standard, we determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶17}** Ms. Pippert did not assert any factual basis for a finding of manifest injustice in her motion to withdraw or during the June 25, 2014 hearing in the trial court. Nor does she argue any facts to support a finding of manifest injustice on appeal. Instead, Ms. Pippert has argued only that her motion to withdraw should be considered a presentence motion under Crim.R. 32.1. We have rejected this argument for the reasons stated. Accordingly, Ms. Pippert has not met her burden to assert facts that, if taken as true, would establish manifest injustice.

**{¶18}** Because Ms. Pippert has not met her burden to demonstrate manifest injustice, she has not shown that she was entitled to a hearing on her postsentence motion to withdraw. On this basis, Ms. Pippert's first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED APPELLANT TO PAY THE MAXIMUM FINE PERMITTED BY LAW AND SUSPENDED HER PRIVILEGE TO OPERATE A MOTOR VEHICLE FOR THE MAXIMUM PERIOD ALLOWED BY LAW, REFUSING TO GRANT HER LIMITED DRIVING PRIVILEGES.

**{¶19}** In her second assignment of error, Ms. Pippert argues that the trial court abused its discretion in sentencing her when the court ordered her to pay the maximum fine and also suspended her driver's license for the statutory-maximum period of two years. We disagree.

**{¶20}** Sentencing generally is within the sound discretion of the trial court; a sentence will not be disturbed if it is within the parameters of the applicable statute. *City of Cuyahoga Falls v. Bradley*, 9th Dist. Summit No. 21979, 2004-Ohio-4583, ¶ 5. However, a trial court abuses its discretion in imposing a misdemeanor sentence when it fails to consider the factors set forth in R.C. 2929.22. *Id.*; *See also State v. Jones*, 9th Dist. Wayne No. 02CA0018, 2003-Ohio-20, ¶ 6-7.

**{¶21}** R.C. 2929.22(B)(1) provides that a court shall consider "all of the following factors" in determining the appropriate sentence for a misdemeanor: (a) "[t]he nature and circumstances of the offense or offenses"; (b) "[w]hether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense"; (c) whether the offender is a danger to others and whether "the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences"; (d) "[w]hether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious"; (e) the likelihood that the offender will commit future offenses in general; (f) whether a condition traceable to service in the armed forces was a contributing factor in the offender's commission of the offense or offenses; and (g) "[t]he offender's military service record."R.C. 2929.22(B)(1)(a)-(g).

**{¶22}** The sentencing court also "may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.22(B)(2). Under R.C. 2929.21, "[t]he overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). "To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, [or both]." *Id.*

**{¶23}** At the sentencing hearing, the trial court did not explicitly state that it relied on the criteria set forth in R.C. 2929.21 and 2929.22 in imposing Ms. Pippert's sentence. "While it

is preferable that the trial court state on the record that it has considered the statutory criteria, the statute imposes no requirement that it do so." *Bradley*, 2004-Ohio-4583 at ¶ 7, citing *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "Instead, in the case of a silent record, the presumption exists that the trial court has considered the statutory criteria absent an affirmative showing by the [defendant] that it did not." *Bradley* at ¶ 7.

{¶24} Contrary to Ms. Pippert's claim, the record in this case demonstrates that the trial court did comply with the misdemeanor sentencing statute when imposing the maximum fine and license suspension upon her conviction of vehicular manslaughter, and the fine for failure to maintain control. Ms. Pippert argues that the "trial court * * * did not consider * * * Pippert's past life, her current situations, and/or her well being." However, the court expressly considered a presentence investigation report, statements from Mr. McBride's family, comments of the prosecutor and Ms. Pippert's counsel, and Ms. Pippert's personal statement of remorse and apology to Mr. McBride's family. The presentence investigation report included detailed information about Ms. Pippert, including: (1) her age; (2) her lack of criminal or traffic record; (3) that Ms. Pippert was employed; (4) her long-term residence in Amherst, Ohio with a handicapped husband; and (5) that she suffers from chronic obstructive pulmonary disease and back pain. The court took particular notice of Ms. Pippert's clean driving record. The court also viewed the video footage of the accident. In sentencing Ms. Pippert, the court imposed the license suspension and fines in consideration of the magnitude of the harm to Mr. McBride, but did not impose a jail sanction. Under the circumstances, the record shows that the court properly considered the enumerated factors in R.C. 2929.22, and the policies underlying misdemeanor sentencing set forth in R.C. 2929.21.

**{¶25}** Ms. Pippert has not pointed to any portion of the record that rebuts the presumption that the trial court properly considered the factors set forth in the misdemeanor sentencing statute. Indeed, the evidence shows that the court carefully considered the relevant factors and weighed considerations in favor of Ms. Pippert against the catastrophic nature of the harm to Mr. McBride. Therefore, we find that the trial court did not abuse its discretion in sentencing Ms. Pippert. On this basis, Ms. Pippert's second assignment of error is overruled.

III

**{¶26}** Ms. Pippert's assignments of error are overruled. We affirm the sentence imposed by the Oberlin Municipal Court for vehicular manslaughter and failure to maintain reasonable control of a vehicle. We also affirm the trial court's denial of Ms. Pippert's motion to withdraw her no contest plea.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberiln Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BARRY ECKSTEIN, Attorney at Law, for Appellant.

FRANK S. CARLSON, Prosecuting Attorney, for Appellee.