**[Cite as *State v. Fischer*, 2025-Ohio-2551.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

DAMON FISCHER

    Appellant

C.A. No.     22CA0079-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE Nos.    22TRC01178
                22CRB00258

DECISION AND JOURNAL ENTRY

Dated: July 21, 2025

---

SUTTON, Judge.

**{¶1}** Defendant-Appellant, Damon Fischer, appeals from the judgment of the Wadsworth Municipal Court. This Court affirms.

I.

**{¶2}** Mr. Fischer was charged with speeding and operating a vehicle under the influence of drugs or alcohol ("OVI"). He also was charged with an offense in a separate criminal case that is not before us. Mr. Fischer agreed to plead guilty to his OVI charge in exchange for the dismissal of his speeding charge and his separate criminal case. The trial court accepted his plea, ordered a pre-sentence investigation report ("PSI"), and set the matter for sentencing. The court sentenced Mr. Fischer to a 72-hour alcohol program, a suspended jail term, one year of probation, community service, and a fine. Upon motion, it stayed the execution of his sentence for purposes of this appeal.

{¶3}    Mr. Fischer now appeals from his sentence, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED WHEN IT SENTENCED [MR. FISCHER] WITHOUT CONSIDERING THE PURPOSES AND PRINCIPLES OF MISDEMEANOR SENTENCING CONTAINED IN R.C. 2929.21 AND THE FACTORS LISTED IN R.C. 2929.22.**

{¶4}    In his sole assignment of error, Mr. Fischer argues the trial court erred when it sentenced him without considering the statutory sentencing considerations and factors outlined in R.C. 2929.21 and 2929.22.  For the following reasons, we reject his argument.

{¶5}    "A trial court has discretion in imposing sentence for misdemeanors."  *State v. Warner*, 2023-Ohio-1083, ¶ 7 (9th Dist.).  "Unless the sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion."  *State v. Schneider*, 2009-Ohio-6025, ¶ 6 (9th Dist.).

{¶6}    The two overriding purposes of misdemeanor sentencing are "to protect the public from future crime by the offender and others and to punish the offender."  R.C. 2929.21(A).  To achieve those purposes, sentencing courts must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public."  R.C. 2929.21(A).  The sentence the court imposes must be "reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing . . . , commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders."  R.C. 2929.21(B).  R.C.

2929.22(B)(1) also outlines a list of factors courts must consider in determining the appropriate sentence for a misdemeanant.

{¶7}   "While it is preferable that the trial court state on the record that it has considered the statutory criteria [set forth in R.C. 2929.21 and 2929.22], the [Revised Code] imposes no requirement that it do so." *State v. Pippert*, 2016-Ohio-1352, ¶ 23 (9th Dist.), quoting *Cuyahoga Falls v. Bradley*, 2004-Ohio-4583, ¶ 7 (9th Dist.).   "Instead, in the case of a silent record, the presumption exists that the trial court has considered the statutory criteria absent an affirmative showing by the Appellant that it did not." *Bradley* at ¶ 7.  *Accord State v. Taylor-Franklin*, 2023-Ohio-1851, ¶ 10 (9th Dist.).

{¶8}   Mr. Fischer has not argued that his sentence is contrary to law.  Instead, he argues his sentence must be vacated because "it is clear that the trial court never referenced or reviewed the factors set forth in the misdemeanor sentencing statutes."  He notes that the court offered few comments before it imposed his sentence.  According to Mr. Fischer, the court "only stated that it was [his] first OVI, and then made vague references that he had some other cases and some probation violations."  Thus, he argues the court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.21 and the sentencing factors listed in R.C. 2929.22.

{¶9}   Upon review, we reject Mr. Fischer's argument for three reasons.  First, at the start of the sentencing hearing, the trial court expressly indicated that it had reviewed "the guidelines under 2929.22 for misdemeanor sentencings."  The court acknowledged that Mr. Fischer had no prior OVIs but expressed its concern that he had been previously convicted, had prior alcohol-related offenses (i.e., open containers), and had probation violations.  Mr. Fischer has not addressed the trial court's express statement that it considered the sentencing factors set forth in

R.C. 2929.22. That statement bolsters the presumption that the court considered the required statutory criteria. *See Bradley* at ¶ 7.

**{¶10}** Second, because Mr. Fischer was convicted of an OVI, certain aspects of his sentence were statutorily mandated. The court had to sentence him to at least (1) three days in jail or an intervention program, and (2) a fine of $565. *See* R.C. 4511.19(G)(1)(a)(i) and (iii). R.C. 2929.22 does not apply to mandatory jail terms for OVI offenses, so those aspects of Mr. Fischer's sentence were not discretionary. *See* R.C. 2929.22(A). Mr. Fischer has made no attempt to distinguish between the mandatory and discretionary aspects of his sentence.

**{¶11}** Finally, the record reflects that the trial court ordered a PSI and relied on it in sentencing. It does not appear the report was ever filed, and it has not been included in the appellate record. "Without the report, we are 'unable to fully review whether the trial court abused its discretion in sentencing [Mr. Fischer] and [] must presume regularity.'" *State v. Walls*, 2023-Ohio-3459, ¶ 9 (9th Dist.), quoting *State v. Burnette*, 2022-Ohio-1103, ¶ 31 (9th Dist.).

**{¶12}** Upon review, Mr. Fischer has not shown that he is entitled to relief. Consequently, his sole assignment of error is overruled.

III.

**{¶13}** Mr. Fischer's sole assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.


APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

JARED C. ROBERTS, Attorey at Law, for Appellee.