[Cite as *State v. Goudy*, 2017-Ohio-7306.]

STATE OF OHIO       )           IN THE COURT OF APPEALS
                  )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE    )

STATE OF OHIO                            C.A. No.      16AP0020

      Appellee

      v.                                     APPEAL FROM JUDGMENT
                                              ENTERED IN THE
JUSTIN GOUDY                         WAYNE COUNTY MUNICIPAL COURT
                                              COUNTY OF WAYNE, OHIO
      Appellant                         CASE No.      2014 TR-C 010420

DECISION AND JOURNAL ENTRY

Dated: August 21, 2017

---

CARR, Judge.

{¶1} Defendant-Appellant Justin Goudy appeals from the judgment of the Wayne County Municipal Court. This Court affirms.

I.

{¶2} On December 20, 2014, Goudy was stopped by the Ohio State Highway Patrol. The trooper noted an odor of alcohol coming from the vehicle and Goudy admitted to consuming a couple of beers. Goudy exhibited several clues on field sobriety tests and was arrested. Goudy refused to submit to a breath test; however, a blood test was obtained. The blood test results indicated that Goudy's blood alcohol concentration was .240.

{¶3} Goudy was charged with violating R.C. 4511.19(A)(1)(a), R.C. 4511.19(A)(1)(f), R.C. 4511.19(A)(2), R.C. 4511.25, and R.C. 4511.12. Ultimately, Goudy entered a no contest plea to violating R.C. 4511.19(A)(1)(a) (driving under the influence of alcohol) and R.C. 4511.19(A)(1)(f) (high blood alcohol concentration). The remaining charges were dismissed.

The trial court sentenced Goudy to two years of community control. With respect to the violation of R.C. 4511.19(A)(1)(f), the trial court imposed a 30-day jail sentence. Of the 30 days, 10 were mandatory, and the remaining 20 days could be served by electronically monitored house arrest. Three of the mandatory 10 ten day could be served by attending a 72-hour treatment program. Additionally, 6 points were assessed to Goudy's license, he was fined $800, and his license was suspended for 3 years.

{¶4} Goudy has appealed, raising two assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FINDING MR. GOUDY'S PRIOR TENNESSEE CONVICTION WAS AN EQUIVALENT OFFENSE TO R.C. [] 4511.19 WHEN IT SENTENCED MR. GOUDY.

{¶5} Goudy argues in his first assignment of error that the trial court found his prior conviction to be a substantially equivalent offense for purposes of sentencing and that Goudy received harsher penalties because of it. Essentially, Goudy argues that he was not sentenced as a first time offender, and instead was sentenced based upon former R.C. 4511.19(G)(1)(b). In asserting that he was subjected to increased penalties, he points to his 10-day mandatory jail sentence. We do not agree.

{¶6} "A trial court generally has discretion in misdemeanor sentencing." *State v. Woody,* 9th Dist. Lorain No. 14CA010679, 2016-Ohio-631, ¶ 15, citing *State v. Schneider*, 9th Dist. Wayne No. 09CA0026, 2009-Ohio-6025, ¶ 6. "'Unless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion.'" *Woody* at ¶ 15, quoting *Schneider* at ¶ 6. An abuse of discretion indicates that the trial court was unreasonable,

arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7}    At the sentencing hearing, defense counsel pointed to the prior Tennessee conviction and argued that it was "not a substantially similar or equivalent offense to the Ohio OVI."   Defense counsel went on to state that, "[i]n discussing this case with the previous [p]rosecutor who had been assigned * * *, it was my understanding that he was in agreement with that assessment.  * * * So we would be asking the Court, while you certainly consider the fact of  a Tennessee conviction for an alcohol related offense, but we would ask the Court to not feel as if you were bound to treat this as a second offense under Ohio law."  The trial court then clarified that, "we have a prior offense, but we don't necessarily have a second in six?"  To which defense counsel responded affirmatively.  The prosecutor indicated that she was not aware of the prior discussions mentioned by defense counsel, but she would nonetheless argue that the prior Tennessee conviction was a substantially similar offense but "would defer to the Court to make that determinations as to whether it qualifies."  The details of the Tennessee conviction were not discussed at the sentencing hearing.   The trial court never specifically made a determination as to whether the prior Tennessee offense was an equivalent offense.  Instead, when sentencing Goudy, the trial court indicated that:

> Given the fact that you do have this prior OVI out of Tennessee and it was a fairly recent conviction, I am going to sentence you to thirty days in jail.  Ten of those days would be considered mandatory days.  Three of the ten may be served by attending the 72 hour treatment program at STEPS.  That leaves a seven day period of incarceration and you could serve that at the Richland County Correctional Alternative Center.  The remaining twenty days maybe served on electronically monitored house arrest.

{¶8}    An offender who has  violated former R.C. 4511.19(A)(1) only once in the past six years and an offender who previously has been convicted of or pleaded guilty to one violation

of R.C. 4511.19(A) or (B) or one other equivalent offense within six years of the current offense are both guilty of a first degree misdemeanor. *See* former R.C. 4511.19(G)(1)(a),(b). Nonetheless, the minimum penalties that apply are greater for those offenders who have been previously convicted of a prior violation of the statute or another equivalent offense. *Compare* former R.C. 4511.19(G)(1)(a) *with* former R.C. 4511.19(G)(1)(b).

{¶9} The trial court's sentencing entry states that Goudy's jail term, fine, and license suspension were imposed for his violation of R.C. 4511.19(A)(1)(f). There is no jail term, fine, or license suspension listed for his violation of R.C. 4511.19(A)(1)(a).

{¶10} At the time at issue, offenders with no prior convictions or guilty pleas to violations of R.C. 4511.19(A) or (B) (or an equivalent offense) in the last six years and who were sentenced for violating R.C. 4511.19(A)(1)(f) were subject to "a mandatory jail term of *at least* three consecutive days and a requirement that the offender attend, for three consecutive days, a drivers' intervention program that is certified pursuant to section 5119.38 of the Revised Code." (Emphasis added.) Former R.C. 4511.19(G)(1)(a)(ii). Whereas offenders who, within six years of the current violation of R.C. 4511.19(A)(1)(f), had previously pleaded guilty or been convicted of violating R.C. 4511.19(A) or (B) (or an equivalent offense) were subject to "a mandatory jail term of twenty consecutive days." Former R.C. 4511.19(G)(1)(b)(ii). For his violation of R.C. 4511.19(A)(1)(f), Goudy was sentenced to a total jail term of 30 days, 10 of which were mandatory. Three of the mandatory days could be served by attending a 72 hour treatment program. Thus, Goudy's jail sentence does not support the conclusion that the trial court considered his prior Tennessee conviction as an equivalent offense for purposes of sentencing under former R.C. 4511.19(G). If it had considered Goudy's prior Tennessee conviction as a prior offense for purposes of former R.C. 4511.19(G), Goudy would have been

subject to a mandatory 20 day jail sentence for his violation of R.C. 4511.19(A)(1)(f). *See* former R.C. 4511.19(G)(1)(b)(ii). Additionally, if the trial court had considered the prior Tennessee conviction as an equivalent offense in the past six years, if the vehicle was registered in Goudy's name (which appears to be the case based upon the record), the trial court would have been required to order "immobilization of the vehicle involved in the offense for ninety days in accordance with section 4503.233 of the Revised Code and impoundment of the license plates of that vehicle for ninety days." Former R.C. 4511.19(G)(1)(b)(v). No such requirement was included in the sentencing entry and no such requirement is applicable to first time offenders. *Compare* former R.C. 4511.19(G)(1)(b)(v) *with* former R.C. 4511.19(G)(1)(a).

**{¶11}** Accordingly, in light of the record before us, Goudy has not demonstrated that the trial court found the prior Tennessee conviction to be an equivalent offense for purposes of sentencing or that Goudy was sentenced as an offender with a prior conviction in the past six years and thereby subjected to increased penalties. Given that, there is no reason for this Court to examine whether the prior Tennessee conviction would qualify as an equivalent offense for purposes of former R.C. 4511.19(G)(1)(b).

**{¶12}** As Goudy has not met his burden to demonstrate error on appeal, his first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S SENTENCE WAS NOT APPROPRIATE UNDER THE CONSIDERATIONS SET FORTH IN R.C. [] 2929.22.

**{¶13}** Goudy argues in his second assignment of error that the trial court abused its discretion in sentencing him because it failed to consider the factors outlined in R.C. 2929.22. Specifically, Goudy contends that the trial court failed to consider R.C. 2929.22(B)(1)(a), (f),

and (g).  We do not agree.  Goudy has not argued that his sentence exceeded the range authorized by the sentencing statutes.

{¶14}  R.C. 2929.22(B)(1) states:

In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

{¶15}  Goudy points out that the charges arose from a traffic stop, not an accident, and as such did not involve any injury to persons or property.  Additionally, he notes that he only had one prior driving under the influence conviction from Tennessee and that he was an Iraqi war veteran who suffered a traumatic brain injury and continues to suffer from PTSD.  Goudy argues that the trial court failed to take those facts into account, and that, if the trial court had done so, a less severe sentence would have been warranted.

{¶16} "It is well-recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22." *Woody*, 2016-Ohio-631, ¶ 17. Nonetheless, "[a] trial court is presumed to have considered the factors set forth in R.C. 2929.22 absent an affirmative showing to the contrary. The burden of demonstrating this error falls to the appellant." (Internal citations and quotations omitted.) *Id.*

{¶17} Here, the trial court did not specifically reference R.C. 2929.22 at the sentencing hearing. Nonetheless, the trial court was aware of the circumstances of the violations, Goudy's status as a veteran, his war injuries, and his continuing struggle with PTSD and substance abuse. The trial court asked Goudy several questions about the treatment he was receiving and also asked about his involvement with music. When the trial court asked Goudy to disclose the date on which he last used alcohol, Goudy indicated that he could not recall, but it had been awhile. He maintained he was addressing the issue at therapy. The trial court expressed concern at this, noting that "[m]ost people who are actively engaged in alcohol recovery tell you exactly what date their date of recovery was from. They know exactly how long they've been sober. * * * It seems that you aren't at that point yet." Additionally, the trial court pointed out that Goudy "had a very high level of alcohol in [his] system * * *." In sentencing Goudy, the trial court acknowledged Goudy's service to his country but also expressed concern that even though Goudy was "working with the VA and with [his] psychiatric issues, [the trial court was] not sure that the alcohol or the additions issues [we]re being addressed as thoroughly as [the trial court would] like to see them addressed."

{¶18} After reviewing the record, we cannot say that Goudy has demonstrated that the trial court failed to consider the factors in R.C. 2929.22. Likewise, based on his limited

argument, Goudy has also failed to demonstrate that the trial court abused its discretion in sentencing him.

{¶19} Goudy's second assignment of error is overruled.

III.

{¶20} Goudy's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

THOMAS M. DICAUDO and BENJAMIN R. SORBER, Attorneys at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.