[Cite as *State v. Hoffman*, 2018-Ohio-2992.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 17CA0067-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NANCY R. HOFFMAN | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 17CRB00093-A |

DECISION AND JOURNAL ENTRY

Dated: July 30, 2018

CARR, Judge.

{¶1} Defendant-Appellant Nancy Hoffman appeals from the judgment of the Wadsworth Municipal Court. This Court affirms.

I.

{¶2} In February 2017, police responded to a loud party complaint at Hoffman's residence. Upon arrival, police overhead someone talking about getting another beer and observed a sign in the home which read "Liquor before beer and you're in the clear." Alcohol was found in the kitchen and the garage contained marijuana and scales. Hoffman was ultimately charged with permitting underage consumption in violation of R.C. 4301.69(B).

{¶3} Hoffman pleaded guilty to the charge and the matter proceeded to sentencing. The trial court sentenced Hoffman to 90 days in jail with 83 days suspended, 1 year of probation, a $350 fine, and the imposition of costs. As conditions of probation, Hoffman was to complete 24 hours of community service and submit to 60 days of house arrest. Hoffman moved to stay

the execution of her sentence, which the trial court granted. Hoffman has appealed, raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND/OR FAILED TO COMPLY WITH []R.C. 2929.22(B) AND/OR IN FAILING TO CONSIDER THE APPROPRIATENESS OF IMPOSING A COMMUNITY CONTROL SANCTION THE TRIAL COURT, AS A MATTER OF LAW, COMMITTED REVERS[I]BLE ERROR WHICH SHALL BE REVIEWED DE NOVO.

{¶4} Hoffman argues in her first assignment of error that the trial court failed to comply with R.C. 2929.22 in sentencing her. Specifically, Hoffman asserts that the trial court failed to comply with R.C. 2929.22(A), (B), and (C). Hoffman has not argued that she was sentenced outside the range authorized by the sentencing statutes.

{¶5} "A trial court generally has discretion in misdemeanor sentencing." *State v. Senz*, 9th Dist. Medina No. 17CA0001-M, 2018-Ohio-628, ¶ 34, quoting *State v. Woody*, 9th Dist. Lorain No. 14CA010679, 2016-Ohio-631, ¶ 15. "Unless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion." (Internal quotations and citations omitted.) *Senz* at ¶ 34. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} R.C. 2929.22 provides in relevant part:

(A) Unless a mandatory jail term is required to be imposed by division (G) of section 1547.99, division (B) of section 4510.14, division (G) of section 4511.19 of the Revised Code, or any other provision of the Revised Code a court that imposes a sentence under this chapter upon an offender for a misdemeanor or minor misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

Unless a specific sanction is required to be imposed or is precluded from being imposed by the section setting forth an offense or the penalty for an offense or by any provision of sections 2929.23 to 2929.28 of the Revised Code, a court that imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code. *The court shall not impose a sentence that imposes an unnecessary burden on local government resources.*

(B)

(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

(C) *Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26,*

*2929.27, and 2929.28 of the Revised Code.* A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime.

(Emphasis added.)

{¶7} Hoffman argues that the trial court failed to consider the statutory factors in R.C. 2929.22(B)(1), that the trial court failed to comply with the statutory directive in R.C. 2929.22(A) related to a trial court's duty to not impose a sentence that imposes an unnecessary burden on local resources, and that the trial court failed to consider the appropriateness of imposing a community control sanction before imposing a jail term, as required by R.C. 2929.22(C).

{¶8} "It is well-recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22. Nonetheless, [a] trial court is presumed to have considered the factors set forth in R.C. 2929.22 absent an affirmative showing to the contrary. The burden of demonstrating this error falls to the appellant." (Internal citations and quotations omitted.) *State v. Goudy,* 9th Dist. Wayne No. 16AP0020, 2017-Ohio-7306, ¶ 16.

{¶9} Here, the trial court did not specifically reference R.C. 2929.22 at the sentencing hearing. Nonetheless, Hoffman has not affirmatively demonstrated that the trial court failed to consider the statutory criteria contained in R.C. 2929.22. *See id.* The trial court was aware of the circumstances of the violation, as well as Hoffman's history, as it ordered a presentence investigation report ("PSI"), which it referenced at the hearing.

{¶10} The sentencing transcript establishes that one of Hoffman's daughters had a party at Hoffman's residence and police were called to the house following a loud party complaint.

Upon arrival, police overheard someone talking about getting another beer and observed a sign in the house which read "Liquor before beer and you're in the clear[.]" Alcohol was found in the kitchen and marijuana and scales were found in the garage. The trial court noted that it was the police's position that "it would be impossible for [Hoffman] not to know what was going on in that house." Nonetheless, Hoffman continued to maintain that she was just not paying attention. The trial court expressed particular concern about the scale of the party, the substances involved, and Hoffman's claimed lack of knowledge under circumstances where she should have known what was happening.

{¶11} In light of the record before us, which includes the PSI that this Court has independently reviewed, Hoffman has not demonstrated that the trial court failed to consider the statutory criteria in R.C. 2929.22 or that the trial court's sentence imposed an undue burden on local resources. *See* R.C. 2929.22(A). Further, given Hoffman's argument, she has not demonstrated that the trial court abused its discretion in sentencing her. Hoffman's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN CONSIDERING
FACTORS OR STATEMENTS MADE TO A THIRD PARTY OUT OF COURT
IN SENTENCING DEFENDANT NOT PER []R.C. 2929.22(B).

{¶12} Hoffman argues in her second assignment of error that the trial court based her sentence on an inappropriate factor. Hoffman argues that the trial court sentenced her to jail because of a warning that the trial court believed that it gave her older daughter when the older daughter was in high school.

{¶13} During the sentencing hearing the trial court asked Hoffman if her daughters went to Wadsworth High School. Hoffman indicated that her older daughter had gone there. The trial

court informed Hoffman that the trial judge goes to the high school to tell the students what happens to students who engage in underage drinking. Thus, the trial court pointed out that the older daughter would have heard that talk. The trial court indicated it had a strict approach to these situations. Hoffman then pointed out that the older daughter was not home when the alcohol was brought in the house and again tried to explain why Hoffman did not notice what was going on in the house. Thereafter, the trial court imposed a sentence, which included a jail sentence. Hoffman's counsel then asked the court to reconsider the jail sentence, pointing out that this was a first offense. The trial court responded that the sentence was "for letting kids have alcohol and marijuana in their house and not knowing it. This Court does not look at that kindly." The trial court went on to state that it found the circumstances "aggravated and not permissible[.]" The trial court indicated that "[p]arents have to be the parent and be responsible. And the alcohol is bad enough but the marijuana is out of control. * * * And they need to know that there's consequences for actions and these are the consequences. This is serious. We don't look at these laws lightly. It's good for these girls to know that this is the consequence[][.]"

{¶14} Accordingly, we conclude that Hoffman has misinterpreted the trial court's comments. It does not appear from the record that the trial court sentenced Hoffman to jail because of a warning the trial court believed it had given Hoffman's daughter. Instead, it appears that the trial court brought up the trial court's appearance at the high school to emphasize how serious the trial court took the issue of underage drinking. Thereafter, the record is clear that the trial court was imposing a jail sentence because of Hoffman's own behavior, which the trial court found concerning. After reviewing the sentencing transcript, we cannot say that the trial court held the warning that the trial court may have given to Hoffman's daughter against

Hoffman in sentencing Hoffman. As such is the sole basis of Hoffman's argument, her second assignment of error is overruled.

III.

{¶15} Hoffman's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

___

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

TONY DALAYANIS, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.