[Cite as *State v. Moore*, 2019-Ohio-2267.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 18CA0077-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER G. MOORE | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 18CRB00233-A |

DECISION AND JOURNAL ENTRY

Dated: June 10, 2019

CARR, Judge.

{¶1} Defendant-Appellant Christopher G. Moore appeals from the judgment of the Wadsworth Municipal Court. This Court affirms.

I.

{¶2} In February 2018, Moore and a woman attempted to push a cart full of merchandise out of a Walmart without paying for the items. When they were confronted, they left the cart and fled. In March 2018, a complaint was filed alleging that Moore violated R.C. 2913.02(A)(1), the statute prohibiting theft. In light of the value of the property at issue, the charge was a misdemeanor of the first degree.

{¶3} Moore ultimately pleaded guilty to attempted theft, a misdemeanor of the second degree. After a presentence investigation (PSI) report was completed, the matter proceeded to sentencing. The trial court sentenced Moore to the maximum sentence of 90 days in jail. *See* R.C. 2929.24(A)(2).

{¶4} Moore appealed and moved to stay the execution of his sentence pending resolution of the appeal. His motion was granted. Moore has raised a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING DEFENDANT-APPELLANT TO THE MAXIMUM JAIL TERM OF NINETY DAYS, WITHOUT CONSIDERATION OF ALL OF THE SENTENCING FACTORS UNDER R.C. 2929.22.

{¶5} Moore argues in his sole assignment of error that the trial court abused its discretion in sentencing him to the maximum jail term.

{¶6} "A trial court generally has discretion in misdemeanor sentencing." *State v. Hoffman,* 9th Dist. Medina No. 17CA0067-M, 2018-Ohio-2992, ¶ 5, quoting *State* v. *Senz*, 9th Dist. Medina No. 17CA0001-M, 2018-Ohio-628, ¶ 34, quoting *State v. Woody*, 9th Dist. Lorain No. 14CA010679, 2016-Ohio-631, ¶ 15. "Unless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion." *Hoffman* at ¶ 5. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} R.C. 2929.22 provides in relevant part:

(A) Unless a mandatory jail term is required to be imposed by division (G) of section 1547.99, division (B) of section 4510.14, division (G) of section 4511.19 of the Revised Code, or any other provision of the Revised Code a court that imposes a sentence under this chapter upon an offender for a misdemeanor or minor misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

Unless a specific sanction is required to be imposed or is precluded from being imposed by the section setting forth an offense or the penalty for an offense or by any provision of sections 2929.23 to 2929.28 of the Revised Code, a court that

imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code. The court shall not impose a sentence that imposes an unnecessary burden on local government resources.

(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

(C) Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of

the longest jail term is necessary to deter the offender from committing a future crime.

{¶8} Moore has not argued that his sentence was outside the permissible range and acknowledges that he was sentenced to the maximum sentence authorized by law. *See* R.C. 2929.24(A)(2). Instead, he maintains that the trial court failed to consider the factors in R.C. 2929.22, aside from Moore's criminal history. Additionally, he argues that the crime he committed was not the worst version of the offense, and therefore did not warrant the maximum penalty.

{¶9} "It is well-recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22. Nonetheless, [a] trial court is presumed to have considered the factors set forth in R.C. 2929.22 absent an affirmative showing to the contrary. The burden of demonstrating this error falls to the appellant." *Hoffman*, 2018-Ohio-2992, at ¶ 8, quoting *State v. Goudy*, 9th Dist. Wayne No. 16AP0020, 2017-Ohio-7306, ¶ 16.

{¶10} While the sentencing hearing was not lengthy, and the trial court did not directly mention the PSI report, the trial court did indicate that it "had an opportunity to look at [Moore's] past record," which was detailed in the PSI report. Further, Moore does not contend that the trial court failed to consider the PSI report which is part of the record on appeal. The PSI report contains information that would address many of the factors in R.C. 2929.22.

{¶11} Prior to sentencing Moore, the trial court stated Moore's record was "horrible" and that he had a lot of "PVs, a lot of felonies, a lot of thefts, receiving stolen property, things of that nature." The PSI report supports the trial court's comment. The PSI report also supports that the trial court's sentence was not an abuse of discretion. There is nothing in the record that

affirmatively indicates that the trial court failed to consider the factors in R.C. 2929.22 in sentencing Moore. *See Hoffman* at ¶ 8.

{¶12} Further, R.C. 2929.22(C) states, in pertinent part that, "[a] court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." While Moore argues that his offense was not the worst form of the offense, he has not argued, let alone demonstrated, that the second half of that sentence would not apply to him. Particularly given the information in the PSI report, the trial court could have reasonably concluded that the maximum jail sentence was necessary to deter Moore from committing future crime in light of his conduct and response to prior sanctions. *See id.*

{¶13} We cannot conclude that the trial court abused its discretion in sentencing Moore to 90 days in jail. Moore's sole assignment of error is overruled.

III.

{¶14} Moore's assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT


CALLAHAN, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.