[Cite as *State v. Warner*, 2023-Ohio-1083.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

    v.

BRADLEY E. WARNER

    Appellant

C.A. No.    22AP0027

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2021 CR-B 001502

DECISION AND JOURNAL ENTRY

Dated: March 31, 2023

---

SUTTON, Presiding Judge.

**{¶1}** Defendant-Appellant Bradley E. Warner appeals the judgment of the Wayne County Municipal Court. For the reasons that follow, this Court affirms.

I.

**{¶2}** Mr. Warner, a local middle school principal, engaged in a three-year long romantic relationship with E.S., one of his subordinates at the school. When E.S. attempted to terminate the relationship, Mr. Warner began engaging in a campaign of harassment that included repeated phone calls, texts, voicemail messages, and emails. E.S. also alleged that Mr. Warner showed up at her home uninvited, hid in her landscaping, rode his bicycle past her home, and frequently drove past E.S.'s home. E.S. initially contacted the local police department in April of 2021, but did not want to pursue criminal charges against Mr. Warner at that time. However, Mr. Warner did not cease contacting E.S., and a law enforcement officer made contact with Mr. Warner in May of 2021 to warn him to cease contacting E.S. Despite being warned by local law enforcement, Mr.

Warner continued to contact E.S. by phone and email, and repeatedly rode his bicycle past her home.

{¶3}  On December 23, 2021, Mr. Warner was charged with one count of menacing by stalking, in violation of R.C. 2903.211(A)(1), a felony of the fourth degree and one count of telecommunications harassment, in violation of R.C. 2917.21(A)(5), a first-degree misdemeanor. Mr. Warner subsequently pleaded no contest to the telephone harassment charges, and the menacing by stalking charge was dismissed.

{¶4}  Mr. Warner was sentenced to 60 days in jail.  The trial court also ordered him to pay a $750.00 fine plus court costs, to perform 200 hours of community service, and two years of community control.

{¶5}  Mr. Warner timely appealed his sentence, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED [AND] ABUSED ITS DISCRETION IN SENTENCING [MR. WARNER] WITHOUT CONSIDERATION OF THE SENTENCING CRITERIA SET FORTH IN [R.C.] 2929.22.**

{¶6}  In his sole assignment of error, Mr. Warner argues the trial court abused its discretion by failing to properly consider all of the factors set forth in R.C. 2929.22 when sentencing him.  For the reasons that follow, we disagree.

R.C. 2929.22 – Misdemeanor Sentencing

{¶7}  A trial court has discretion in imposing sentence for misdemeanors.  *State v. Burnette*, 9th Dist. Wayne No. 20AP0036, 2022-Ohio-1103, ¶ 27.  *See also State v. Moore*, 9th Dist. Medina No. 18CA0077-M, 2019-Ohio-2267, ¶ 6; *State v. Hoffman*, 9th Dist. Medina No.

17CA0067-M, 2018-Ohio-2992, ¶ 5; *State v. Senz*, 9th Dist. Medina No. 17CA0001-M, 2018-Ohio-628, ¶ 34; *State v. Woody*, 9th Dist. Lorain No. 14CA010679, 2016-Ohio-631, ¶ 15. "Unless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion." *Moore* at ¶ 6, citing *Hoffman* at ¶ 5.

{**¶8**}   "'[I]t is well recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22.'" *State v. Seidowsky*, 9th Dist. Medina No. 13CA0037-M, 2015-Ohio-4311, ¶ 6, quoting *State v. Endress*, 9th Dist. Medina No. 08CA0011-M, 2008-Ohio-4498, ¶ 3, quoting *State v. Smith*, 9th Dist. Wayne No. 05CA0006, 2006-Ohio-1558, ¶ 21.  Yet, "'[a] trial court is presumed to have considered the factors set forth in R.C. 2929.22 "absent an affirmative showing to the contrary."'" *Seidowsky* at ¶ 6, quoting *Endress* at ¶ 4, quoting *Smith* at ¶ 21. "The burden of demonstrating this error falls to the appellant." *Endress* at ¶ 4

{**¶9**}   R.C. 2929.22 provides in relevant part:

(A) Unless a mandatory jail term is required to be imposed by division (G) of section 1547.99, division (B) of section 4510.14, division (G) of section 4511.19 of the Revised Code, or any other provision of the Revised Code a court that imposes a sentence under this chapter upon an offender for a misdemeanor or minor misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

Unless a specific sanction is required to be imposed or is precluded from being imposed by the section setting forth an offense or the penalty for an offense or by any provision of sections 2929.23 to 2929.28 of the Revised Code, a court that imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code. The court shall not impose a sentence that imposes an unnecessary burden on local government resources.

(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

(C) Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime.

(D)(1) A sentencing court shall consider any relevant oral or written statement made by the victim, the defendant, the defense attorney, or the prosecuting authority regarding sentencing for a misdemeanor.

{¶10} Mr. Warner has not argued that his sentence was outside the permissible range. *See* R.C. 2929.24(A)(1). Instead, he maintains that the trial court failed to consider the mitigating

factors he presented at the sentencing hearing. Specifically, Mr. Warner points to his lack of any criminal history and the responsibilities he has in caring for his two children and elderly mother. Mr. Warner also noted the numerous letters submitted in support of Mr. Warner's character.

{¶11} However, a review of the record shows both the factors enumerated in R.C. 2929.22, as well as the mitigating evidence presented by Mr. Warner at the sentencing hearing, were considered by the trial court. A review of the sentencing hearing transcript shows the trial court considered the presentence investigation report, which noted Mr. Warner's elderly mother lived with him and noted Mr. Warner had an adopted son who lived with him full-time, as well as a daughter with whom he shared joint custody with his ex-wife. The sentencing transcript indicates the trial court also made the following statements on the record:

> The victim impact statement that was given here in court plus the one that I've read paints a very, very disturbing picture of your conduct and it had a significant life changing effect on your victim. Matter of fact, this is probably, in terms of circumstances one of the worst harassment cases I have seen. Coming from somebody who used to be a role model for children.
>
> * * *
>
> You have no prior criminal record that weighs in your favor. You did not make any explicit threats of violence that weighs in your favor. As I've stated, * * * there are aggravated circumstances.
>
> * * *
>
> I would note that there were approximately fifteen, between ten and fifteen letters of support that were submitted on your behalf and it is clear that you did serve your community through your work and the individuals that wrote these letters recognize that. That's what makes this such a tragedy.

{¶12} Upon review, this Court rejects Mr. Warner's argument that the trial court failed to consider the factors under R.C. 2929.22. The record indicates that the trial court considered Mr. Warner's mitigating evidence, but apparently found that the aggravating factors present outweighed the mitigating ones. Although Mr. Warner's conviction for telecommunications

harassment was a first-degree misdemeanor that was punishable by up to 180 days in jail, see R.C. 2929.24(A)(1), the trial court only sentenced him to 60 days in jail. We cannot conclude that the trial court abused its discretion in sentencing Mr. Warner to 60 days in jail.

**{¶13}** Mr. Warner's sole assignment of error is overruled.

### III.

**{¶14}** Mr. Warner's sole assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

DAVID KNOWLTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and JOEY MARULLO, Assistant Prosecuting Attorney, for Appellee.